WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eugene Joseph Escalanti,<br><br>    Petitioner,<br><br>v.<br><br>USA,<br><br>    Respondent. | No. CV-17-2141-PHX-SRB (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE SUSAN R. BOLTON, SENIOR U.S. DISTRICT JUDGE:

Petitioner Eugene Joseph Escalanti has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("Motion") where he claims that his trial contained several errors. (Doc. 1) Respondent argues that these claims fail. (Doc. 4) As explained below, the Court recommends that this Motion be denied.

## Background

Escalanti was indicted for five counts, including assault, kidnapping, and murder on Indian Country for the death of Stephen Holland. (09-CR-946 ("CR"), Doc. 4) The case proceeded to a jury trial. The testimony at trial was that Escalanti and Holland were in the back of a truck when Escalanti stabbed Holland with pruners or cable cutters, bound his hands with cord, and then beat Holland to death with a large wrench. (CR Doc. 101 at 114, 116-17, 137, 143-45[1]) The physical evidence introduced at trial showed

---

[1] For convenience, the pin cites refer to the page numbers automatically generated by the Court's filing system.

that Escalanti's fingerprints were inside the truck and that his shoes contained blood whose DNA matched Holland. (CR Doc. 101 at 59, 90-91) As relevant here, the Court reviewed each jury instruction with both sides before submitting the case to the jury. (CR Doc. 102 at 184-95)

Escalanti timely appealed to the Ninth Circuit Court of Appeals and argued that the government did not present sufficient evidence to establish his Indian status or that the kidnapping and murder occurred on tribal land. (CR Doc. 111-1) The Ninth Circuit affirmed and he petitioned for a rehearing en banc. After this petition was denied, he petitioned the United States Supreme Court for certiorari. (C.A. No. 10-10465 at Docs. 77, 79) After that petition was denied, Escalanti timely initiated Section 2255 proceedings. (C.A. No. 10-10465 at Doc. 80; Doc. 1)

**Analysis**

Ground One: Ineffective Assistance of Counsel. To prevail on his claims of ineffective assistance of trial counsel, Escalanti would have to show that his attorney's performance was deficient and that he was prejudiced as a result of that deficiency. *Strickland v. Washington*, 466 U.S. 668 (1984). When evaluating a claim of ineffective assistance of trial counsel, this Court must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id*. at 690.

In Ground One of his Motion, Escalanti claims that the government disclosed that a witness, not otherwise identified, stated that he "went to Circle K." Escalanti argues that trial counsel was ineffective for failing to obtain video from Circle K because that video would have confirmed he was not with Holland or Baker at that time. (CV Doc. 1 at 5) However, Escalanti does not explain how he was prejudiced by the absence of this video and it is not clear to the Court how this video would have contradicted the testimony and physical evidence that linked him to Holland's murder. Accordingly, he is not entitled to relief on this claim.

Next, Escalanti claims that his trial counsel "failed to object to jury instructions" but, again, he does not allege any prejudice. (Doc. 1 at 5) Moreover, the Court notes that his statement about his counsel's performance is belied by the transcript which shows his counsel, the prosecution, and the Court actively reviewing jury instructions. (CR Doc. 102 at 184-95) Thus, this claim is not well taken.

Ground Two: "Acquitted of Assault." In Ground Two of his Motion, Escalanti states that he was acquitted of assault and so he could not have been found guilty of murder. (Doc. 1 at 6)

This argument misstates the underlying facts of his criminal case: Escalanti's assault charges were dismissed because the Court found that the evidence at trial showed that the elements of those claims were part of the murder charge not because of an absence of evidence to support either charge. In other words, the evidence that supported the assault charges also supported the murder charge. (CR Doc. 103 at 3-8)

In addition, this argument could have been raised on direct appeal and was not. (CR Doc. 111-1) As a result, this Court cannot review this argument unless Escalanti "demonstrate[d] both cause excusing his procedural default, and actual prejudice resulting from the claim of error." *U.S. v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993) (citing *U.S. v. Frady,* 456 U.S. 152, 168 (1982)). He has made no attempt to do so and, thus, the Court cannot review this claim.[2]

Ground Three: "Jurisdiction." In Ground Three of his Motion, Escalanti argues that the evidence at trial did not establish that the crimes occurred on tribal land. (Doc. 1 at 7) It appears that Escalanti is raising the same argument that he prosecuted on appeal and that the Ninth Circuit rejected. (Doc. 111-1) When a claim is "expressly rejected"

---

[2] Escalanti raises a fourth claim, namely that his prison was on lock down status and so he "wasn't able to do much research and wasn't able to quote cases." (Doc. 1 at 8) Because this statement does not state a claim for relief, the Court will not address it. To the extent that Escalanti attempts to raise this argument as cause to excuse his procedural default, his argument is not well taken because he was represented by counsel on direct appeal.

on appeal, it "cannot be the basis of a §2255 motion." *U.S. v. Redd*, 759 F.2d 699, 701 (9th Cir., 1985). Accordingly, this Court cannot review this claim.

Because all of Escalanti's claims are either not well taken or cannot be reviewed, the Court recommends that his Motion be denied.

**IT IS THEREFORE RECOMMENDED** that Eugene Joseph Escalanti's Motion to Vacate, Set Aside or Correct Sentence be denied. (Doc. 1)

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have seven days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 24th day of January, 2018.

_____
David K. Duncan
United States Magistrate Judge