# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America<br><br>Plaintiff,<br><br>v.<br><br>Eugene Joseph Escalanti,<br><br>Defendant/Movant. | No. CV-17-02141-PHX-SRB (DKD)<br>CR09-00946-PHX-SRB<br>**ORDER** |

Movant, Eugene Joseph Escalanti, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. He asserted three grounds for relief. First, Escalanti argues that his counsel was ineffective for failing to obtain a video of Movant at a Circle K on the day of the murder and for failing to object to jury instructions. Second, Escalanti argues that he was acquitted of assault and, therefore, could not have been found guilty of murder. Finally, Escalani argues that there was no jurisdiction because the evidence at trial did not establish the crime occurred on tribal land. The government filed a response in opposition to the motion. This Court referred the motion to the Magistrate Judge for a Report and Recommendation, which was issued on January 24, 2018. The Magistrate Judge recommended that Movant's

Motion to Vacate, Set Aside, or Correct Sentence be denied.

Movant filed timely written objections to the Magistrate Judge's Report and Recommendation and the government filed a response to the objections.

Movant objects only to the Magistrate Judge's recommendations on the first and second grounds. Movant concedes that the third issue raised concerning jurisdiction was previously argued and decided on appeal and, therefore, cannot be the basis of a § 2255 motion.

In his first of two claims of ineffective assistance of counsel, Movant has failed to show how the reported statement contained in an investigative report that Movant had been seen at a Circle K means that there was a video of him that would have changed the outcome of the case because it would have shown that he was not with the decedent and witness Kim Baker. Movant does not address how such a video, if it existed, would have overcome the witness testimony and the physical evidence that linked him to the murder of the decedent. The Court agrees with the Magistrate Judge that Movant has failed to show how he was prejudiced by the absence of this alleged video. The Court, therefore, rejects this claim of ineffective assistance of counsel.

Movant also claims that his counsel was ineffective because he failed to object to jury instructions. This is all Movant said. He did not say what jury instruction was objectionable nor did he explain at all what jury instruction should have been given that would have likely changed the outcome. In the Report and Recommendation the Magistrate Judge correctly concluded that Movant failed to show ineffective assistance of counsel by a bare statement that counsel failed to object to jury instructions.

In his objections Movant now attempts to urge that this ground for ineffective assistance of counsel involves a failure to object to jury instructions on the basis of the "Bruce test" claiming if an instruction involving the "Bruce test" had been given 'the jury wouldve (sic) found it difficult to convict me." (Doc. 6, R. & R. Resp. at 3) The government and the Court assume Movant is referring to *United States. v. Bruce*, 394 F.3d 1215 (9th Cir. 2005) which addressed the requirements for proof of tribal membership. Movant cannot raise an argument for the first time in his objections that was not previously presented in the motion. Additionally, this argument was raised on appeal and rejected by the Court of Appeals which found there was sufficient evidence for the jury to find that Escalanti was a tribal member. *United States v. Escalanti*, 623 F. App'x 844, 846 (9th Cir. 2015). This issue, decided on appeal, cannot be the basis of a § 2255 motion.

The Court agrees with the Magistrate Judge that there has been no showing of ineffective assistance of counsel for failing to object to jury instructions.

Movant also objects to the Magistrate Judge's recommendation that his claim on ground two be denied. In his motion he claims that he was acquitted by the Court of assault and, therefore, could not be found guilty by the jury of murder. As noted by the Magistrate Judge, Movant's motion misstates the underlying facts in his criminal case. The assault charge was dismissed because the evidence at trial showed that the elements of assault were part of the murder charge not because of an absence of evidence to support either charge. The Magistrate Judge also notes that this argument could have been raised on direct appeal and, therefore, is procedurally defaulted without any

showing of cause to excuse the default or actual prejudice. In his objections, Movant tries to recast this as a claim for ineffective assistance of counsel claiming that his lawyer disregarded his direction that this issue be brought up on direct appeal. Movant appears to be reframing his argument because the Magistrate Judge's noted that the issue could have been raised on direct appeal and, therefore, is precluded. However, there is still no merit to the argument, either as a claim for ineffective assistance of counsel or as a claim of error by this Court. The dismissal of the count of assault with a deadly weapon was based on the fact that the elements of assault were also elements of the more serious charge of murder. Had the issue been raised on direct appeal it would have been meritless. The Court agrees with the Magistrate Judge that the claim in ground two should be denied.

IT IS ORDERED overruling Movant's objections to the Report and Recommendation of the Magistrate Judge.

IT IS FURTHER ORDERED adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court.

IT IS FURTHER ORDERED that Movant's Motion to Vacate, Set Aside, or Correct Sentence be denied.

/ / /

/ / /

/ / /

/ / /

/ / /

IT IS FURTHER ORDERED that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal is denied because Movant has not made a substantial showing of the denial of a constitutional right.

Dated this 8th day of March, 2018.

_____
Susan R. Bolton
United States District Judge